

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXX
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                          Opinion No. O-3942
                                   Re: Cost of compilation of delinquent
                                       tax records.

          We have received your letter of recent date which we
quote in full as follows:

          "As required by Article 7336F, the Tax
     Assessor-Collector of DeWitt County has compiled
     a delinquent tax record for the years 1919 to
     1935, inclusive. Two years later, he made a
     supplement to the record covering taxes delin-
     quent for the years 1936 and 1937. At the end
     of the fiscal year 1939, he had delinquent taxes
     for the years 1938 and 1939 which had not been
     compiled into a supplement. Instead of recom-
     piling the delinquent tax record for the years
     1919 to 1939, inclusive, or making a supplement
     for the years 1938 and 1939, as authorized by
     Article 7336F, he made a supplement covering
     delinquent taxes for the years 1936 to 1939,
     inclusive.

          "Due to the fact that the law only refers
     to the recompilation of a delinquent tax record
     or a two year supplement thereto, you will please
     advise this department whether or not we would
     have the authority to pay a proportionate part
     of the cost for compiling the four year supple-
     ment, or should we only pay a proportionate part
     of the cost for compiling the supplement of de-
     linquent taxes due for the years 1938 and 1939."

          Section 2 of Article 7336f, Vernon's Annotated Civil
Statutes, reads as follows:

          "Any County having as many as two years'
     taxes delinquent which have not been included
     in the delinquent tax record, the Collector of
     taxes shall within two years from the effective

date of this Act, cause to be compiled a delinquent tax record of all delinquent taxes not barred by this Act; the delinquent record shall be examined by the Commissioners' Court and the Comptroller or governing body, corrections may be ordered made, and when found correct and approved by them, payment for the compilation thereof shall be authorized at actual cost to the Tax Collector, proportionately from each the State and County taxes, or municipal taxes, first collected from such record, such cost in no case to exceed a sum equal to five (5¢) cents per item or written line of the original copy of such record and in no event shall any compiling cost be charged to the taxpayer. The delinquent tax record when approved, shall be prima facie evidence of the delinquency shown thereon, and when there shall be as many as two years of delinquency accumulated which are not shown on the record, <u>a recompilation, or a two year supplement</u> thereto shall then be made <u>as herein provided</u>. Tax Collectors shall cause to be compiled like records of taxes delinquent due any district for which they collect from tax rolls other than the State and county rolls, and when approved by the governing body of the particular district, the cost of same shall be allowed in the manner herein provided. Acts 1935, 44th Leg., p. 355, ch. 128." (Emphasis supplied)

We are informed by your department that the officer in question received the above-mentioned cost for compiling the 1936-1937 supplement.

As you mentioned in your letter, reference is made only to a recompilation and to a two year supplement after the original tax record is compiled. This fact in itself is an implied denial of any right on the part of the tax collector to receive payment of his actual cost for any compilation other than the ones mentioned.

The statute reads that "payment for the compilation thereof shall be authorized at actual cost to the Tax Collector". This payment is in the nature either of the payment of an expense necessarily incurred by the tax collector in the discharge of a statutory duty, or a fee or compensation for official services performed by him. In either event the tax collector is not authorized under the statute to prepare a four year supplement, embodying two years previously covered by another supplement, and receive the actual cost incurred in such compilation.

In Corpus Juris, Volume 46, pages 1018 and 1019, it is said:

"The right of an officer to compensation for expenses incurred by him in the performance of an official duty must be found in a provision of the constitution or a statute conferring it either directly or by necessary implication, and the officer cannot recover compensation additional to the compensation fixed by statute for such expenses . . . . ."

"Statutes relating to the fees and compensation of public officers must be strictly construed in favor of the government, and such officers are entitled only to what is clearly given by law . . ."

We quote also from 34 Tex. Jur. 508 and 509 as follows:

"Statutes prescribing fees for public officers are strictly construed and hence a right to fees may not rest in implication. Where this right is left to construction, the language of the law must be construed in favor of the government. . . . ."

Article 7336f neither expressly nor impliedly authorizes the compilation of a four year supplement. Thus, it follows that whether the payment is regarded as payment of an expense, a fee, or compensation, the payment of the cost for preparing the supplement for the entire four year period is not authorized.

However, the two year period 1938-1939 is covered by the supplement. The tax collector is fully authorized to compile a supplement for these years and receive a payment of the cost as provided for in the statute. Therefore, we believe that he may receive payment for compiling that part of the supplement which represents the years 1938 and 1939.

In view of the foregoing, it is the opinion of this department that under Article 7336f the Comptroller is authorized to pay a proportionate part of the cost of the compilation of only that part of the four year supplement to the delinquent tax record which represents the years 1938 and 1939.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Glenn R. Lewis
Glenn R. Lewis
Assistant

By s/George W. Sparks
George W. Sparks

GWS:mp:wc

APPROVED SEP 23, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman